■ In the Matter of JAMES CHRISTIAN, Appellant. LOUIS L. LEVINE, as Industrial Commissioner, Respondent.—Appeal from a decision of the Unemployment Insurance Appeal Board, filed July 17, 1974, which adopted and affirmed a referee's decision sustaining an initial determination by the respondent that the claimant was disqualified from benefits upon the ground that he voluntarily left his employment without good cause by provoking his discharge. The referee appears to have found that the claimant was discharged from work because he failed to comply with a direct order of his supervisor to bring the car furnished by the employer for the claimant's use into the employer's garage. The claimant was a car salesman and it is undisputed that he and his supervisor had an agreement at the time he was hired that he would be granted a leave of absence or vacation of at least one week's duration commencing December 21, 1973. The claimant contends that there was an agreement that he would have a three-week leave of absence and his supervisor contends that the period agreed upon was only for one week, and that when the claimant stated that he was going to take three weeks, the supervisor determined that it would not be treated as an ordinary vacation but instead the claimant would be replaced. It was undisputed that the employer had furnished an automobile for the claimant's use during his employment. The supervisor admitted that he had never directed the claimant during the term of the employment to bring his car inside the garage. On December 7, 1973 the supervisor suddenly ordered the claimant to: "Pull the car into the garage. I want to talk to you, and bring the registration when you come in here." Although the claimant testified that at the same time he had been told he was being discharged, the supervisor testified that he did not then tell the claimant that he was being discharged but instead the claimant simply left the premises without bringing the car in and did not thereafter return for work. The supervisor conceded that he and the claimant often had arguments and he testified to the effect that he had ordered the car brought into the garage because he anticipated a heated argument which would result in the claimant no longer being employed. A vice-president of the employer testified that the claimant, after refusing to bring the car in, had a right to take the car from the premises in order to get home. The board's decision herein was filed after the recent decision of the Court of Appeals in *Matter of James (Levine)* (34 NY2d 491) wherein the board was directed that the proper test for disqualification in cases such as the present one would be whether or not the claimant had indulged in conduct which would be misconduct. Upon the present record, the factual pattern is of such an equivocal nature that the matter should be remitted to the board for appropriate findings upon the issue of misconduct. Decision reversed, without costs, and matter remitted for further proceedings not inconsistent herewith. Herlihy, P. J., Greenblott, Sweeney, Kane and Main, JJ., concur.